UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUSSELL S.,<br><br>      Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | CASE NO. C20-5994-MAT<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1965.[1] Plaintiff has at least a high school education and previously worked as sales representative medical equipment and mechanical technician. AR 30,

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

423. Plaintiff filed applications for DIB and SSI on April 4, 2018, alleging disability beginning February 1, 2018.[2] AR 23. The applications were denied at the initial level and on reconsideration. On August 28, 2019, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). AR 168–205. On October 30, 2019, the ALJ issued a decision finding Plaintiff not disabled. AR 23–33. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on August 19, 2020 (AR 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

---

[2] At the hearing, Plaintiff's representative asserted that the alleged onset date should be December 1, 2015. AR 174–75. The ALJ found the onset date to be February 1, 2018. AR 23. Plaintiff does not dispute this finding.

ORDER
PAGE - 2

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 25.

At step two, the ALJ must determine whether a claimant suffers from a severe impairment. The ALJ found Plaintiff has the following severe impairments: cervical degenerative disc disease; lumbar pain with left-sided radiculopathy; bilateral carpal tunnel syndrome (CTS), status post-surgeries; bilateral middle trigger fingers; osteoarthritis of left thumb; and right ulnar neuropathy. AR 26. The ALJ also found that the record contained evidence of hypertension but that the impairment that did not rise to the level of severe. AR 26.

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 26–27.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> occasional climbing of ramps and stairs; never climbing ladders, ropes or scaffolds; occasional stooping, kneeling, crouching, and crawling; frequent bilateral handling and fingering; and frequent exposure to extreme cold, vibrations and hazards such as heights and machinery.

AR 27. With that assessment, the ALJ found Plaintiff capable of performing past relevant work as a sales representative medical equipment and mechanical technician. AR 30.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national

economy. Although the ALJ found Plaintiff capable of performing the past relevant work identified above, with the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as a small products assembler, marker, and housekeeper. AR 32.

Plaintiff raises the following issues on appeal: (1) Whether the ALJ articulated sufficient reasons not to include in the RFC Dr. Derek Leinenbach's limitation to sedentary work; (2) whether Dr. Kimberly Wheeler's opinion established a severe mental impairment and undermined substantial evidence support for the ALJ's decision; and (3) whether the ALJ provided sufficient reasons to reject Plaintiff's subjective claims. Plaintiff requests remand for an award of benefits or, in the alternative, remand for a *de novo* hearing. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1. Medical Opinions**

The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors.[3] 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social

---

[3] The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standard for the review of medical opinions. Plaintiff does not dispute that, in this case, precedential case law and the new regulations result in the same outcome. Dkt. 18, at 6.

Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see also Zhu v. Comm'r of Soc. Sec. Admin.*, No. 20-3180, 2021 WL 2794533, at *6 (10th Cir. July 6, 2021) (applying the substantial evidence standard under the 2017 regulations). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

A. Dr. Derek J. Leinenbach, M.D.

Dr. Leinenbach evaluated Plaintiff for the Department of Social and Health Services (DSHS) on April 26, 2018 and assessed Plaintiff with marked limitations in gross or fine motor skill restrictions, significant (moderate) limitation in postural restrictions, and no significant limitation in all other non-exertional areas. AR 663. Regarding exertional limitations, Dr. Leinenbach limited Plaintiff to sedentary work. AR 663. Dr. Leinenbach based his limitations on Plaintiff's diagnoses of CTS, disc degenerative disorder, some decreased range of motion, stenosis, and cervical spine radiculopathy to bilateral upper extremities, with right ulnar neuropathy. AR 663. Dr. Leinenbach also noted Plaintiff had left carotid artery calcification and chronic pain. AR 663.

The regulations require the ALJ to articulate the persuasiveness of each medical opinion and explain how the ALJ considered the supportability and consistency factors for that opinion. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The ALJ found that administrative conclusions for the DSHS are different than disability conclusions for the Social Security Administration and, therefore, are not binding. AR 30. The ALJ further found Dr. Lenienbach's opinion not persuasive because it was given "prior to the claimant's left CTS surgery and the opinion is inconsistent with the claimant's activities (such as moving and moving heavy objects)." AR 30. Nevertheless, the ALJ stated that he accommodated Plaintiff's symptoms associated with heavy objects in limiting Plaintiff to a light level. AR 30.

ORDER
PAGE - 5

Plaintiff argues that the ALJ gave insufficient reasons for rejecting Dr. Leinenbach's limitations. Dkt. 18, at 7. Specifically, Plaintiff argues that DSHS standards for disability are the same as federal standards. *Id.* Under the regulations, the ALJ may consider "other factors that may tend to support or contradict a medical opinion or prior administrative finding," such as whether a medical source has "an understanding of [the Social Security Administration's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(5), 416.920c(c)(5). Here, the ALJ took into consideration the fact that Dr. Leinenbach provided his opinion according to DSHS evaluation criteria and policy goals and not Social Security Administration law. AR 30. The ALJ also correctly noted that decisions by other governmental agencies are "not binding on this proceeding." AR 30 (citing 20 C.F.R. §§ 404.1504, 416.904). Therefore, Plaintiff has not shown that the ALJ erred by considering this factor. Further, even if the ALJ did err by considering that Dr. Leinenbach provided his opinion according to DSHS policy, this error would be harmless because the ALJ did not clearly reject Dr. Leinenbach's opinion based on this factor. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded by regulation on other grounds* (an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination"). Rather, the ALJ found that DSHS evaluations, although not binding, "are relevant in that they contain assessments that are useful for determining the claimant's functional ability." AR 30. Therefore, the ALJ's consideration of this factor was not consequential to the ALJ's non-disability determination.

Plaintiff further argues that the ALJ erred by rejecting Dr. Leinenbach's sedentary limitation based on Plaintiff's later left CTS surgery, which, Plaintiff asserts, did not drive the sedentary limitation. Dkt. 18, at 8. Although the ALJ did not specify which portion of Dr. Leinenbach's opinion that the ALJ found unpersuasive based on Plaintiff's later left CTS surgery,

it can reasonably be inferred that the ALJ rejected the doctor's assessed marked limitation concerning Plaintiff's gross or fine motor skill restrictions based on the CTS surgery and not the sedentary limitation. *See Magallenes*, 881 F.2d at 755 ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion."); *see also Molina*, 674 F.3d at 1121 ("Even when an agency 'explains its decision with "less than ideal clarity," we must uphold it 'if the agency's path may reasonably be discerned.'" (internal citations omitted)). Indeed, the ALJ gave other reasons for rejecting Dr. Leinenbach's sedentary limitation, including finding it inconsistent with Plaintiff's daily activities, such that a reasonable inference can be drawn that the ALJ did not base his rejection of Dr. Leinenbach's sedentary limitation on evidence of Plaintiff's later CTS surgery. AR 30. Insofar as the ALJ rejected Dr. Leinenbach's limitations regarding Plaintiff's gross or fine motor skills based on the later CTS surgery, an ALJ may consider improvement with treatment in discounting a physician's opinion. *Thomas*, 278 F.3d at 957. Plaintiff asserts that the CTS surgery was not effective but does not cite to evidence in the record to support this assertion. Dkt. 18, at 8. Plaintiff's alternative interpretation of the evidence does not deprive the ALJ's equally rational interpretation of substantial evidence. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999) ("[W]hen evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld."). Therefore, Plaintiff has not shown that the ALJ erred by rejecting Dr. Leinenbach's limitation regarding Plaintiff's manipulative activities based on evidence of Plaintiff's later left CTS surgery.

Plaintiff next argues that Plaintiff's activities were not inconsistent with Dr. Leinenbach's limitations. Dkt. 18, at 8. Under the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. §§

ORDER
PAGE - 7

404.1520c(c)(1), 416.920c(c)(1). An ALJ may reject a physician's opinion where the assessed limitations are inconsistent with Plaintiff's level of activities. *See Rollins v. Massanari,* 261 F.3d 853, 856 (9th Cir. 2001). Here, the ALJ found Dr. Leinenbach's limitations inconsistent with Plaintiff's activities "such as mowing and moving heavy objects," citing Plaintiff's own statements in his Function Report and medical treatment notes. AR 30 (citing AR 414–21, 793, 1097.) The evidence, however, does not support the ALJ's determination. Rather, Plaintiff stated in his Function Report that he can use a riding mower when his father is doing yardwork but that he cannot push the lawn mower. AR 416–17. Plaintiff further stated that he cannot lift more than 10 pounds. AR 419. Although treatment notes in April 2019 reported that Plaintiff on one occasion "had to lift heavy weight because he took a load to the dump," AR 1097, the notation does not identify the amount of "heavy weight" that Plaintiff lifted on that occasion nor does it support a finding that Plaintiff can "frequent[ly]" lift or carry objects weighing up to 10 pounds consistent with "light work" and inconsistent with Dr. Leinenbach's sedentary limitation. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b) (defining "light work"); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (the ALJ may discount a claimant's pain testimony where the "claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that *are* transferable to a work setting" (emphasis in original)). Therefore, the ALJ did not reasonably find Dr. Leinenbach's sedentary limitation to be unpersuasive based inconsistencies with evidence of Plaintiff's activities.

Finally, Plaintiff argues that the ALJ erred by finding the opinions of medical consultants Drs. Noman Staley, M.D., and Dennis Koukol, M.D., "more persuasive [than Dr. Leinenbach's opinion] and consistent with the longitudinal record." AR 30. Drs. Staley and Koukol assessed that Plaintiff had the ability to perform activities consistent with light work. AR 213, 223. Plaintiff

asserts that, contrary to the ALJ's finding that Drs. Staley and Koukol's opinions were more consistent with the longitudinal record, "the long term record showed ongoing deficits and poor prognosis." Dkt. 18, at 9. "The ALJ is responsible for resolving conflicts in the medical record." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008); SSR 96-8p ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). The ALJ found that Drs. Staley and Koukol's opinions "are generally consistent with the objective medical evidence" and that "[p]hysical examination reports document some left upper extremity abnormalities like reduced strength, range of motion, and trigger finger but otherwise normal strength, sensation, gait, and neck range of motion." AR 30. Plaintiff cites treatment notes from PA Matthew Renner dated February 8, 2019,[4] which Plaintiff asserts supports Dr. Leinenbach's sedentary limitation. Dkt. 18, at 10 (citing AR 155). Plaintiff offers an alternative interpretation of the evidence; however, the ALJ's interpretation was at least as rational, and, therefore, the Court must uphold that decision. *Thomas*, 278 F.3d at 954. Therefore, the ALJ reasonably found Drs. Staley and Koukol's opinions regarding Plaintiff's exertional limitations more persuasive than Dr. Leinenbach's sedentary limitation, and the ALJ's finding was supported by substantial evidence.

Although the ALJ's rejection of Dr. Leinenbach's sedentary limitation on grounds that it was inconsistent with evidence of Plaintiff's activities was not supported by substantial evidence, as described above, this error was harmless because the ALJ reasonably found Dr. Leinenbach's limitations less persuasive than conflicting limitations assessed by Drs. Staley and Koukol. *Molina*, 674 F.3d at 1115 (harmless error were the ALJ the error was inconsequential to the ALJ's ultimate

---

[4] Plaintiff asserts that PA Renner's findings are additional evidence considered by the Appeals Council. Dkt. 18, at 9–10. This evidence, however, is a copy of evidence that was in the record and, therefore, was considered by the ALJ. *See* AR 2, 199.

ORDER
PAGE - 9

disability determination). Nevertheless, because this matter is remanded on other grounds as described below, the ALJ should reconsider Dr. Leinenbach's assessed limitations as warranted by further consideration of the evidence on remand.

## 2. New Evidence

Plaintiff argues that the ALJ's decision must be remanded or the Court should award benefits in light of new evidence submitted to the Appeal's Council. Dkt. 18, at 11–14. Specifically, Plaintiff argues that a January 2019 opinion of Dr. Kimberly Wheeler, Ph.D., establishes the existence of a severe mental impairment that undermines the RFC and precludes regular and continuing work. *Id.* (citing AR 45–50).

"[I]n determining whether to remand a case in light of new evidence, the court examines both whether the new evidence is material to a disability determination and whether a claimant has shown good cause for having failed to present the new evidence to the ALJ earlier." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). However, because this matter is remanded on other grounds as described below, the Court need not evaluate whether additional evidence of Dr. Wheeler's opinion provides a separate basis for remand. On remand, the ALJ must consider evidence that is part of the administrative record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("The ALJ must consider all medical opinion evidence.").

## 3. Subjective Testimony

Plaintiff contends that the ALJ improperly evaluated Plaintiff's testimony. The rejection of a claimant's subjective symptom testimony[5] requires the provision of specific, clear, and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014); *see also*

---

[5] Effective March 28, 2016, the Social Security Administration eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 10

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff alleges that he is unable to stand, walk, sit, maintain balance for any length of time, perform duties safely, or maintain grasp in both hands, that he experiences tremendous pain in his neck and shoulders, that his back left leg buckles, and that he experiences numbness in his upper extremities, lower left leg, and small of back. AR 414–21. Plaintiff alleges other limitations, including limits in his ability to lift, squat, bend, reach, kneel, climb stairs, and see. AR 419. Plaintiff further alleges that his symptoms result in falls and limit his ability to lift more than 10 pounds and that he has difficulties with completing tasks, concentration, and getting along with others. AR 419. The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 28.

Plaintiff argues that the ALJ failed to provide sufficient reasons for discounting Plaintiff's testimony.[6] Dkt. 18, 14–16. Specifically, Plaintiff argues that the objective medical evidence

---

[6] Plaintiff also notes that "[t]he ALJ cited inconsistent statements about DAA [Drug Addiction and Alcoholism]" but does not identify a specific error in the ALJ's evaluation of Plaintiff's statements. Dkt. 18, at 16. Accordingly, the Court declines to address this argument for lack of specificity. *See Carmickle*, 533 F.3d at 1161 n.2 (declining to address issues not argued with any specificity); *see also Paladin Assocs., Inc.*

supports limiting Plaintiff to sedentary work. *Id.* at 15. An ALJ may reject subjective testimony upon finding it contradicted by or inconsistent with the medical record. *Carmickle*, 533 F.3d at 1161. Here, the ALJ recited evidence in the record that showed that Plaintiff had a "history of chronic neck and back pain," showed "degenerative changes and spondylosis" of the cervical spine, "demonstrated limited cervical range of motion, but also negative straight leg rise" and "intact lower extremity sensation," and also showed a full neck range of motion "[d]espite his neck pain and positive Spurling's test." AR 28. The ALJ further cited medical records that noted Plaintiff "reported left leg weakness and [Plaintiff] was assessed with lumbar pain with left-sided radiculopathy" and that Plaintiff "reported worsening left leg pain and weakness" in September 2019. AR 28–29. The objective medical evidence is not reasonably inconsistent with Plaintiff's testimony; rather, the evidence cited by the ALJ supports Plaintiff's testimony by showing that Plaintiff had limited range of motion in his neck, full range of motion with pain, and received a positive Spurling's test result. AR 28. Further, the evidence shows that Plaintiff has consistently reported back pain and left-leg pain and weakness. AR 28–29. Therefore, the ALJ did not reasonably discount Plaintiff's testimony of debilitating pain from his spine impairments based on inconsistencies with the medical evidence.

Plaintiff further argues that the ALJ erred by discounting Plaintiff's testimony based on inconsistencies with Plaintiff's daily activities. An ALJ may consider daily activities in evaluating a claimant's testimony regarding his physical limitations and the severity of his symptoms. *Fair*, 885 F.2d at 603 ("[I]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that *are* transferable to a work setting, a specific

---

*v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (the court "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief").

finding as to this fact may be sufficient to discredit an allegation of disabling pain." (emphasis in original)). Here, the ALJ found that Plaintiff reported "doing an array of daily activities, including riding a lawn mower; walking, driving, and using public transportation to get around; attending Bible study; and going to the store" and that Plaintiff reported in August 2019 "that he lifted heavy weight when he took a load to the dump." AR 29. Plaintiff argues that these daily activities do not show that Plaintiff is capable of performing "robust activities beyond the sedentary work range." Dkt. 18, at 16. The Court agrees. The evidence of daily activities cited by the ALJ is not clearly inconsistent with Plaintiff's testimony nor does it clearly evidence Plaintiff's ability to perform the physical exertion requirements of "light work." *See* 20 C.F.R. §§ 404.1567(b), 416.967(b) (involving, among other, lifting up to 20 pounds, "frequent" lifting or carrying objects up to 10 pounds, "a good deal of walking or standing" and "with some pushing and pulling of arms or leg controls"). Rather, much of Plaintiff's daily activities involve sitting or low exertional activities and are not clearly transferable to a work setting. Similarly, as described above, Plaintiff's report that he had to carry "heavy weight" on at least one occasion does not clearly support the ALJ's finding that Plaintiff has "physical abilities great than purported," AR 29, considering that the amount of "heavy weight" was not specified and Plaintiff testified that the activity subsequently caused him pain. AR 29, 190. *See Fair*, 885 F.3d at 603 ([T]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits . . . ."). Therefore, the ALJ's did not reasonably discount Plaintiff's testimony of debilitating pain from his spine impairments based on inconsistencies with evidence of Plaintiff's daily activities.

The Commissioner argues that Plaintiff was given conservative treatment in the form of medication; however, this was not a reason cited by the ALJ for discounting Plaintiff's testimony regarding his debilitating pain from his spinal impairments. *See Bray v. Comm'r of Soc. Sec.*, 554

ORDER
PAGE - 13

F.3d 1219, 1226 (9th Cir. 2009) (the Court must "review the ALJ's decision based on the reasoning and factual findings offered by the ALJ"). Even if the ALJ had rejected Plaintiff's testimony on account of receiving "conservative" treatment, the evidence does not support this finding as Plaintiff underwent lumbar epidural steroid injections, which treatments are not properly characterized as "conservative." *See Garrison v. Colvin*, 759 F.3d 995, 1015 n.20 (9th Cir. 2014).

For these reasons, the ALJ did not provide specific, clear, or convincing reasons for discounting Plaintiff's testimony regarding debilitating pain from his spine impairments. This error was harmful because it resulted in an RFC assessment that did not account for all of Plaintiff's limitations.

### 4. Arguments Raised in Reply

Plaintiff also argues in his Reply Brief that the ALJ's decision was constitutionally defective, warranting remand, because the appointment of Andrew Saul was unconstitutional. Dkt. 23, at 1–4. Because Plaintiff raises this argument for the first time in his Reply, Plaintiff has waived this argument. *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("[A]rguments not raised by a party in an opening brief are waived."). Further, because this matter is remanded on other grounds as described herein, the Court need not address the merits of Plaintiff's argument.

### **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 5th day of November, 2021.

MARY ALICE THEILER
United States Magistrate Judge